EXHIBIT B-1

FILED
DALLAS COUNTY
9/11/2015 12:31:36 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

**CAUSE NO.** DC-15-10775

| | | |
|---|---|---|
| YASSER ALHAMZAWI<br>*Plaintiff* | §<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | FOR DALLAS COUNTY, TEXAS |
| GEICO CASUALTY COMPANY<br>*Defendant* | §<br>§ | _______ JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW YASSER ALHAMZAWI, by and through his attorneys, who files this his Original Petition against and complaining of GEICO CASUALTY COMPANY, Defendant herein, and in support thereof would show the following:

### I.

### DISCOVERY CONTROL PLAN

1 Plaintiff requests that this case be governed by Texas Rule of Civil Procedure 190.3 as a Level 3 case.

### II.

### PARTIES

2 Plaintiff YASSER ALHAMZAWI is an individual residing in Dallas County, Texas. The last three digits of his Social Security Number is 827 and the last three digits of his drivers' license number is 729.

3 Defendant GEICO CASUALTY COMPANY is a foreign insurance company incorporated in Maryland, with its principal place of business in the District of Columbia. Defendant is licensed to engage in the business of insurance in Texas and may be served via its Texas agent, MATTHEW J. ZURAW, 4201 Spring Valley Road, Dallas, Texas 75244.

## III.

## VENUE, JURISDICTION, AND AMOUNT IN CONTROVERSY

4 This Court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of this Court. The Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

5. This Court has personal jurisdiction over Defendant because Defendant is a foreign insurance company that is authorized to do business and engages in the business of insurance in the State of Texas, and Plaintiff's cause of action arises out of the Defendant's business activities in Texas.

6. Venue is proper in Dallas County, Texas, under CPRC §15.032 as Dallas County is the company's principal office in this State.

## IV.

## FACTUAL BACKGROUND

7. Plaintiff is the holder and party to an insurance policy that insured the Plaintiff's 2000 Bentley Arnage ("Insured Property") against property damage and other losses ("Policy"). Said policy required Defendant to indemnify Plaintiff for costs and expenses related to the loss and repair of the motor vehicle sustained during the policy period.

8. On April 3, 2014, the Plaintiff owned the Insured Property and was operating the vehicle in the DFW area.

9. On April 3, 2014, the Dallas/Fort Worth metroplex were struck by a series of severe storms that included high winds, tornadoes, and hail. As Plaintiff was operating the Insured Property in the area, he was suddenly and without warning caught in a hail storm that pummeled the Insured Property and caused severe damage to it.

10. Plaintiff submitted a claim to Defendant against the Policy for the costs of repair, loss of use, and rental expenses associated with the damage to the Insured Property. Plaintiff asked Defendant to cover his losses and pay in full for all repairs and other ancillary and associated costs and expenses pursuant to the terms of the Policy. All such costs and expenses were covered by the Policy.

11. From the beginning, the Defendant failed to adequately, timely, and properly investigate the claim, the property damage associated with the claim, and failed to make a realistic, reasonable, or good faith attempt to settle the damages incurred by the Plaintiff under the policy of insurance. Instead, the Defendant engaged in an unreasonable and unconscionable pattern of delay and obsfucation.

12. The Defendant also tendered to Plaintiff an offer to settle the claim that was insufficient and inadequate the pay for even a portion of the needed repairs on the Insured Property. Specifically, the Plaintiff tender a proposal to pay approximately $5,000.00 for repairs on the Insured Property, when Plaintiff had acquired and delivered to Defendant three written estimates from other reputable repair shops for $26,375.49, $31,412.89, and $32,801.99. Despite being aware of the inadequacy and unreasonableness of its offers, Defendant failed to take any additional steps to settle the claims in good faith. Further, Defendant failed to provide any reasonable explanation for the basis of the Defendant's offer.

13. After the Defendant failed to timely and promptly conduct its investigation, failed to promptly make a decision regarding said claim, and made requests for information and documents that were not relevant or material to the claim, the Defendant had unreasonably delayed action to the point that Plaintiff was forced to pay for the repairs out of his own pocket in order to mitigate his own damages. Thus, the Plaintiff paid a total of $33,050 to a repair shop out of his own pocket.

14. Invoices reflecting the Plaintiff's payment to the body shop of his own choosing, as allowed under Texas law and the terms of the contract, were then forwarded to Defendant. Defendant continued in its failure to promptly pay the claim, and continued to engage in delaying tactics that were not necessary to investigate the matter. However, Plaintiff responded to each of Defendant's requests to the best of the Plaintiff's ability.

15. Despite the extraordinary accommodation and cooperation exhibited by the Plaintiff, Defendant unreasonably and without adequate basis denied the Plaintiff's claims, stating that the Defendant had failed to cooperate in the investigation of the loss. Defendant has failed to make prompt payment up to the present day.

## V.

## CAUSES OF ACTION

### A. BREACH OF CONTRACT

16. Plaintiff re-alleges and incorporates by reference the allegation contained in the preceding paragraphs.

17. Plaintiff and Defendant entered into a contract of insurance, under which Plaintiff promised to make certain premium payments in exchange for Defendant's payment for loss associated with damage to the Insured Property. Specifically, Defendant promised, *inter alia*, that it would pay for each loss, less the applicable deductible, caused by hail. Defendant failed to

make payments for the damage as it promised to do under the contract, thereby breaching the contract as that is defined under Texas law, for which Plaintiff now seeks compensation.

**B. UNFAIR SETTLEMENT PRACTICES UNDER §541.001 *et seq.***

18. Plaintiff re-alleges and incorporates by reference the allegation contained in the preceding paragraphs.

19. Plaintiff alleges that Defendant's conduct constitutes multiple violations of the Texas Insurance Code's prohibition of unfair settlement practices, TEX. INS. CODE §§541.001 *et seq.* All violations under the statute are made actionable by TEX. INS. CODE §541.151. Defendant's violations include but are not limited to the following:

a. Failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear, a violation of §541.060 (a)(1)(A);

b. Failure to promptly provide to a policyholder a reasonable explanation fo the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of compromise settlement of a claim, a violation of §541.060(a)(3);

c. Failure within a reasonable time to affirm or deny coverage of a claim to a policyholder, a violation of §541.060(a)(4)(A);and

d. Refusing to pay a claim without conducting a reasonable investigation with respect to a claim, in violation of §541.060(a)(7).

20. Further, Defendant committed the above acts knowingly. Said acts each constitute an unfair method of competition and an unfair or deceptive trade practice in the business of insurance.

21. As a result of these violations, the Plaintiff has been forced to retain the services of an attorney to prosecute its private action for damages. All notices required under the statute have

been timely delivered.

22. Plaintiff now seeks recovery of attorneys' fees, actual damages, court costs, treble damages as allowed under §541.152.

### C. UNFAIR CLAIMS SETTLEMENT PRACTICES ACT UNDER §542.001 *et seq.*

23. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs.

24. Plaintiff alleges that Defendant's conduct constitutes multiple violations of the Texas Insurance Code's prohibition against unfair claims settlement practices, TEX. INS. CODE §542.001, *et seq.* All violations under the statute are made actionable through TEX. INS. CODE §542.060. Defendant's violations include but are not limited to the following:

a. Failure to pay to accept or reject a claim within the applicable time constraints, in violation of §542.056; and

b. Failure to timely pay a claim after receiving all items, statements, and forms reasonably requested and required, in violation of §542.058(a).

25. Defendant's failure to adhere to the requirements of the statute constitute a failure to promptly and properly pay a lawful and proper claim and constitutes unfair claims settlement practices.

26. As a result of these violations, the Plaintiff has been forced to retain the services of an attorney to prosecute its private action for damages. All notices required under the statute have been timely delivered.

27. As allowed under §542.060, Plaintiff requests reasonable attorney's fees, costs, expenses, interest as specified under the statute, and other relief requested in this Petition.

### D. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

28. As an insurer, Defendant owes a duty under the common law to deal with Plaintiff, its insured, in good faith and engage in practices that constitute fair dealing.

29. Defendant's conduct as described above constitutes a breach of that duty of good faith and fair dealing. Further, Defendant knew or should have known that its conduct and the conduct of its agents and adjusters constituted a breach of good faith and fair dealing when the Defendant's liability, through the exercise of reasonable diligence, was reasonably clear. Defendant failed to pay the Plaintiff's claim when a reasonable insurer would have done so.

### E. TEXAS DECEPTIVE TRADE PRACTICES ACT

30. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs.

31. Defendant's actions constitute violations of the Texas Deceptive Trade Practices Act, TEX. BUS. COMM. CODE §17.01 *et seq.* Defendant's conduct is actionable under §17.50. Specifically, Defendant has violated the Act in one or more of the following ways:

a. Representing that the insurance services purchased by Plaintiff have characteristics, benefits, or uses which they do not have, in violation of §17.46(b)(5);

b. Representing that insurance services and coverages are of a particular standard, quality or grade when they are of another, in violation of §17.46(b)(7);

c. Representing that the insurance agreement confers or involves rights, remedies or obligations which it does not have, in violation of §17.46(b)(12); and

d. Violations of Chapter 541 of the Texas Insurance Code, as specified above.

32. Defendant committed such violations knowingly and intentionally. Further, Plaintiff was required to retain the services of an attorney in order to prosecute this suit.

33. As allowed by §17.50, Plaintiff seeks recovery for actual damages, damages for mental anguish, treble damages, attorneys' fees, costs, and such other damages as requested within this Petition.

## F. DAMAGES

34. Plaintiff seeks damages as requested within this Petition.

35. For breach of contract, Plaintiff seeks recovery of all actual, consequential, and incidental damages resulting from Defendant's breach, including but not limited to amount of the benefit of the bargain, which is the amount paid by Defendant, as well as damages for loss of use, attorneys' fees, costs, and such other and further relief to which the Plaintiff may be entitled under law and equity.

36. For noncompliance with the Texas Insurance Code §541.001 *et seq.,* as set forth in Section B of this Petition, the Plaintiff seeks recovery of actual damages, including the loss of benefits that should have been paid pursuant to the insurance contract, consequential and incidental damages, attorneys' fees, costs, and such other and further relief to which the Plaintiff may be entitled under law and equity. Further, because the Defendant acted knowingly, Plaintiff requests an award of treble damages as allowed under statute.

37. For noncompliance with Texas Insurance Code §542.001 *et seq.,* as set forth in Section C of this Petition, the Plaintiff seeks recovery of actual damages, including the loss of benefits that should have been paid pursuant to the insurance contract, consequential and incidental damages, attorneys' fees, costs, 18% interest as specified under the Statute, and such other and further relief to which the Plaintiff may be entitled under law and equity.

38. For the Defendant's failure to adhere to its duty of good faith and fair dealing, the Plaintiff seeks recovery of actual damages, including the loss of benefits that should have been paid pursuant to the insurance contract, consequential and incidental damages, exemplary damages, damages for emotional distress, damages for economic hardship, attorneys' fees, costs, and such other and further relief to which the Plaintiff may be entitled under law and equity.

39. For Defendant's violation of the Deceptive Trade Practices Act, Plaintiff seeks recovery for actual damages, including the loss of benefits that should have been paid pursuant to the insurance contract, consequential and incidental damages, exemplary damages, damages for emotional distress, damages for economic hardship, attorneys' fees, and costs. Further, Plaintiff seeks recovery for treble damages as allowed under the Statute and such other and further relief to which the Plaintiff may be entitled under law and equity.

40. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### G. CONDITIONS PRECEDENT

41. All conditions precedent have been met prior to the filing of this suit.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff requests that upon hearing of this Petition, this Court award Plaintiff such damages as specified above and which are incorporated into this prayer as if fully recited herein, costs and such other and further relief to which the Plaintiff would be entitled under law and equity.

Respectfully submitted,

**MEYER FRIEDMAN REED, PLLC**

By:

**ADAM B. REED**
State Bar No. 24002811

4131 N. Central Expressway, Suite 110
Dallas, Texas 75204
(214) 880-0800
(214) 443-0809 (fax)
areed@mfrlaw.net

ATTORNEYS FOR PLAINTIFF